19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Robert Eugene DIETRICH, Defendant/Appellant.
 No. 93-2674.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1994.
Decided March 8, 1994.
 
 Before CUMMINGS, BAUER and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 A jury found Robert Dietrich, a previously convicted felon, guilty of possessing a firearm in violation of 18 U.S.C. Sec. 922. The district court imposed a career offender enhancement on Dietrich's sentence pursuant to 18 U.S.C. Sec. 924(e). Dietrich argues that two of the prior convictions used to enhance his sentence were not constitutionally sound and should not have been used to enhance his sentence.
 
 
 2
 Dietrich was convicted of violating 18 U.S.C. Sec. 922(g)(1). Because he had three prior "violent felony" convictions he found himself in the grip of 18 U.S.C. Sec. 924(e)(1), which mandates a minimum sentence of fifteen years. United States v. White, 997 F.2d 1213 (7th Cir.1993); United States v. Ferguson, 935 F.2d 862 (7th Cir.1991), cert. denied, 112 S.Ct. 907 (1992); see U.S.S.G. Sec. 4B1.4. The government sought the enhanced penalty based on three prior state convictions: a 1978 conviction for burglary, a 1980 conviction for armed violence and a 1988 conviction for attempted armed robbery. R. at 32. Dietrich challenges the validity of the 1978 and 1988 convictions used to enhance his sentence as being the result of guilty pleas which were neither voluntarily nor intelligently rendered. This collateral attack is Dietrich's first challenge to the prior convictions.
 
 
 3
 The sentencing court considered the transcripts of the prior guilty pleas and Dietrich's medical records before arriving at the conclusion that both guilty pleas were knowing and voluntary and were not impaired by incompetence. Accordingly, the court sentenced Dietrich as an armed career criminal. We recently held in United States v. Mitchell, No. 92-3903, slip op. (7th Cir. Feb. 23, 1994), that the district court has limited authority to reexamine prior convictions. A defendant may not collaterally attack a prior conviction at a federal sentencing hearing unless that conviction is "presumptively void." Under this standard Dietrich faces an onerous hurdle in challenging the voluntariness of his plea and the competence of his counsel. He must show that the alleged constitutional errors are facially apparent and that no detailed review of the prior case records is required.
 
 
 4
 We have reviewed the record and find that Dietrich's prior convictions are not "presumptively void." He pleaded guilty, and he had counsel. Nor is there an indication on the face of the convictions which suggests that Dietrich was incompetent.
 
 
 5
 Dietrich argues that his counsel for both guilty pleas failed to adequately inform him of the charges against him and failed to properly advise him, thereby providing ineffective assistance of counsel. This is precisely the type of inquiry which Mitchell prohibits. Unless the record shows that counsel's performance was so ineffective that Dietrich effectively had no counsel at all, in violation of Gideon v. Wainwright, 372 U.S. 335 (1963), the district court was not in a position to entertain such a challenge. The record indicates that Dietrich had competent counsel representing him at both his plea hearings.
 
 
 6
 AFFIRMED.